IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWAYNE L. DAY,**

    **Plaintiff,**

  vs.                         **Civil Action 2:05-CV-1109**
                                 **Judge Sargus**
                                 **Magistrate Judge King**

**CASTLE,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

    Plaintiff Dwayne Day, an Ohio prisoner, filed a civil rights action against a number of prison officials in April 2001 in the United States District Court for the District of Columbia. In June 2001, that Court ordered that the case be transferred to this Court. However, the case was not actually transferred to this Court until December 2005.

    Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED.** However, having reviewed the complaint as required by 28 U.S.C. §§1915(e), 1915A, the Court concludes that the action must be dismissed, without prejudice, for failure to exhaust administrative remedies.

    Under the Prison Litigation Reform Act ["PLRA"], a prisoner must exhaust administrative remedies before filing suit in a federal court: "No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a)(2004). The plaintiff-prisoner carries the burden of proving that his claim has been fully exhausted, *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002), and the prisoner must attach documentation to the

complaint as proof.  *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). Moreover, every claim presented in the complaint must satisfy the exhaustion requirement of the PLRA, or the entire complaint must be dismissed.  *Jones Bey v. Johnson,* 407 F.3d 801, 806 (6th Cir. 2005).

The complaint fails to either allege or demonstrate that plaintiff has exhausted the administrative remedies available to him as to each of his claims.  It is therefore **RECOMMENDED** that the complaint be dismissed, without prejudice, for failure to exhaust.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 21, 2005                               *s/Norah McCann King*
                                                Norah McCann King

United States Magistrate Judge